**KAYE, ROSE & PARTNERS, LLP**
Bradley M. Rose, Esq. (126281)
Frank C. Brucculeri, Esq. (137199)
André M. Picciurro, Es. (239132)
Daniel F. Berberich, Esq. (215946)
9100 Wilshire Blvd. Suite 420W
Beverly Hills, California 90212
Telephone: (310) 551-6555
Facsimile: (310) 277-1220
brose@kayerose.com
fbrucculeri@kayerose.com
apicciurro@kayerose.com
dberberich@kayerose.com

Attorneys for Plaintiff
HASTAY MARINE LTD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASTAY MARINE LTD,<br><br>Plaintiff,<br><br>v.<br><br>HANJIN SHIPPING CO., LTD.,<br><br>Defendant. | Case No.:<br><br>**IN ADMIRALTY**<br><br>**VERIFIED COMPLAINT FOR BREACH OF CONTRACT, APPLICATION FOR RULE B ATTACHMENT, AND APPLICATION FOR WRIT OF PRE-JUDGMENT ATTACHMENT AND GARNISHMENT** |

Plaintiff HASTAY MARINE LTD (hereinafter "HASTAY" or "Plaintiff") by the undersigned counsel, hereby files its Verified Complaint against Defendant HANJIN SHIPPING CO., LTD., and pleads as follows:

**I.**

**JURISDICTION, VENUE, AND PARTIES**

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves the breach of a maritime contract (Charter Party). This Complaint and the claims herein set forth also fall under this Court's Admiralty Jurisdiction pursuant to 28 U.S.C. Section 1333, and is brought under the provisions of Rule B of the Supplemental

Rules for Admiralty or Maritime Claims and Asset Forfeiture, Federal Rules of Civil Procedure and Local Admiralty ("Supplemental Admiralty Rules"). Jurisdiction also lies under 28 U.S.C. Section 1331 as this is a claim arising under the laws of the United States. Pendent or ancillary jurisdiction also lies on any non-federal claims as they arise out of the same transaction or occurrence or series of transactions or occurrences as the above claims.

2. Venue lies within the Central District of California pursuant to the provisions of 28 U.S.C. Section 1391(b) and Rules B and E of the Supplemental Admiralty Rules, in that assets of HANJIN that may be attached by process of maritime attachment and garnishment under Rule B of the Supplemental Admiralty Rules as pled in Section III of this Verified Complaint are located within the Central District of California and within this Honorable Court's jurisdiction.

3. Plaintiff, HASTAY, is now and at all times herein mentioned was an organization duly organized and existing under and by virtue of the laws of the British Virgin Islands. At all material times hereto, HASTAY is the Owner of container ship HANJIN NEW JERSEY registered pursuant to the laws of Liberia, bearing IMO number 9631113 ("the Vessel").

4. At all times material hereto, Defendant HANJIN was and is an organization existing under and by virtue of the laws of the Republic of Korea. At all material times hereto, HANJIN was and is the time charterer of the Vessel.

## II.

## **PLAINTIFF'S STATEMENT OF FACTS**

5. On or about May 16, 2011, Zodiac Maritime Agencies Ltd ("Zodiac") (on behalf of a nominee to be advised) as Owners and HANJIN as Charterers entered into an agreement to charter a vessel "TBN Hull S4029" (now named M/V "HANJIN NEW JERSEY") ("Time Charter"). On 28 June 2013, the Plaintiff HASTAY was nominated as Owners by Zodiac. (A true and correct

1  copy of the "Time Charter" dated May 16, 2011, along with Addenda 1 through
2  5, are attached hereto at **Exhibit 1**.)

3      6.    Pursuant to Clauses 4 and 5 of the Time Charter, the daily hire rate
4  of US$23,890 is due and payable 15 days in advance. *Id.*

5      7.    On June 22, 2016, HASTAY gave HANJIN notice that, in breach of
6  the Time Charter, HANJIN had failed to pay when due on June 21, 2016 the hire
7  payment for the period June 22 to July 7, 2016 in the total sum of US$360,075
8  which includes $358,350 in hire and $1,725 in related expenses (hereinafter
9  collectively referred to as "hire"). HASTAY demanded immediate payment.

10     8.    After not receiving any payment in response to its June 22, 2016
11 demand, HASTAY demanded payment again on June 29, 2016 of the
12 US$360,075 past due. HASTAY demanded payment by June 30, 2016.

13     9.    A second hire installment fell due on July 6, 2016. After not
14 receiving any payment in response to its June 22 and June 29, 2016 demands as
15 well as payment in respect of the said further installment of hire, on July 7, 2016,
16 HASTAY again demanded HANJIN make payment of US$360,075 for past-due
17 hire payment covering the period June 22 through July 7, 2016 and also
18 demanded payment of an additional US$360,075 for past due hire for the period
19 July 7 to July 22, 2016, bringing the total amount owed to $720,150.

20     10.    On July 11, 2016, HASTAY agreed, without prejudice to its rights
21 to take any action necessary to protect its interests, to forego arresting another
22 asset of HANJIN in consideration for HANJIN's undertaking to provide, by July
23 31, 2016: (a) payment for the operating expenses of HANJIN NEW JERSEY for
24 the period June 22 through August 6, 2016 (at US$7,000 per day); and (b)
25 provide a letter of support from HANJIN's largest bank lender, Korea
26 Development Bank ("KDB") (hereinafter "Undertaking").

27     11.    On July 21, 2016, a third hire installment fell due, bringing the total
28 charter hire outstanding to the sum of $1,080,225 (for the period June 22 through

Kaye, Rose & Partners LLP

August 6, 2016).

12. On July 29, 2016, HANJIN made payment of US$322,000 for operating expenses but did not produce a letter of support from KDB as to HANJIN's plans for financial restructuring, in breach of the Undertaking. Further, despite various demands, HANJIN failed to provide confirmation, by the stipulated deadline of July 29, 2016, that the outstanding hire would be paid on or before August 3, 2016. As of August 1, 2016, the balance charter hire outstanding (less the operating expenses paid by HANJIN of $322,000) was $758,225. As of August 6, 2016, a fourth hire installment fell due, and the total amount of charter hire due became $1,118,300.

13. On August 8, 2016, HASTAY demanded payment of the outstanding hire of $1,118,300 within 4 banking days. HANJIN subsequently made payment for operating expenses in the amount of $98,000, leaving a balance amount of $1,020,300 due and owing to HASTAY.

14. On August 21, 2016, a fifth hire installment fell due for the period August 21 to September 5, leaving a balance of $1,380,375 due and owing to HASTAY. On August 22, 2016, HASTAY demanded payment of the outstanding hire of $1,380,375 within 4 banking days. HANJIN failed to make payment in satisfaction of its outstanding debt of $1,380,375.

15. HASTAY is informed and believes that HANJIN has, or will have, assets, accounts, freights, monies, charter hire, credits, effects, bunkers, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of HANJIN within this District held by HANJIN or various other parties, as garnishees as more specifically set forth in the Report of Gray Page filed concurrently herewith.

### III.

### THE SUBSTANTIVE CLAIMS

First Cause of Action – Breach of Contract

16. Plaintiff realleges and incorporates herein each and every allegation contained in Paragraphs 1 through 15, as though fully set forth herein.

17. In direct breach of the requirements of the Time Charter, and despite repeated demands, HANJIN wrongfully failed, neglected or otherwise refused to pay the charter hire in the present amount of $1,380,375 which is past due and owing as of the date of the filing of this Verified Complaint, exclusive of interest and costs.

18. HANJIN received and is receiving the benefit of use of the Vessel chartered by HASTAY and is therefore indebted to HASTAY and fully obligated to pay for the charter hire as set forth in the Time Charter (**Exhibit 1**).

19. HASTAY has fully complied with all relevant terms of the Time Charter and/or has otherwise performed all conditions precedent to recovery of the complete payment for charter hire.

20. As a result of HANJIN's breach of Time Charter, HANJIN has been damaged in the amount of US$1,380,375 as of the filing of this Verified Complaint, exclusive of interests and costs, and in an increasing amount which will be subject to proof and determination at trial.

<u>Second Cause of Action - Application for Attachment under Supplemental Admiralty Rule B</u>

21. Plaintiff re-alleges and incorporates herein each and every allegation contained in Paragraphs 1 through 15, as though fully set forth herein.

22. Defendant HANJIN is not present and cannot be found in the Central District of California within the meaning of Rule B of the Supplemental Admiralty Rules. However, HANJIN is believed to have, or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, bunkers, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of defendants within this District held by defendants or various other parties, as garnishees.

<u>Third Cause of Action - Application for Writ of Pre-judgment Attachment and Garnishment</u>

23. Plaintiff re-alleges and incorporates herein each and every allegation contained in Paragraphs 1 through 15, as though fully set forth herein.

24. HANJIN's tangible assets, *i.e.* seagoing vessels and the cargoes, bunkers, and appurtenances thereon, are mobile and transient, and in the event HASTAY recovers a judgment against HANJIN, it will be extremely difficult, if not impossible, to obtain satisfaction of same, by execution of the judgment. Upon information and belief, HANJIN does not have any collectible assets in its country of incorporation, *i.e.* the Republic of Korea, which have not already been secured in favor of other creditors.

25. As a consequence of the foregoing, Plaintiff runs a substantial risk that the judgment it expects to recover will remain unsatisfied, and will be for all practical purposes and effects unenforceable.

26. Upon information and belief, HANJIN, nevertheless, has tangible assets within the State of California, and specifically within the Judicial District of this Court which may be attached by process of pre-judgment attachment and garnishment, pursuant to Rule 64 of the Federal Rules of Civil procedure and California Code of Civil Procedure section 485.210(a) *et. seq.*

27. This Court is vested with jurisdiction to order and maintain an attachment over property of HANJIN pending resolution of the merits of the controversy between HASTAY and HANJIN.

28. HASTAY will show in its application concurrently filed with this Complaint that the presence of the HANJIN assets within the state of California is not merely fortuitous, and that this forum is not an inconvenient arena for Defendant to litigate the limited issues arising hereunder. An attachment in aid of a judgment issued in another forum would be constitutionally permissible, as, upon information and belief, HANJIN has purposely arranged for its vessels to

call at ports of the State of California and within this Judicial District.

## IV.     PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff prays as follows:

a. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, issue against HANJIN and HANJIN be cited to appear and answer the allegations of this Complaint;

b. That if HANJIN cannot be found in this District, that all of its respective property within this district up to an amount of $1,380,375, be attached and seized pursuant to Supplemental Admiralty Rule B;

c. That a judgment be entered against defendants in the sum of US$1,380,375, together with interest, costs, and attorneys' fees;

d. That the Court exercise its jurisdiction over this matter; review Plaintiff's application for the issuance of an order for a prejudgment writ of attachment as prejudgment security under Rule 64 of the Federal Rules of Civil Procedure, and under California Code of Civil Procedure section 485.210(a), *et seq.*; and/or

e. That the Plaintiff have such other and further relief as in justice it may be entitled to receive.

Respectfully submitted,

Dated: August 31, 2016           **KAYE, ROSE & PARTNERS, LLP**


By: /s/Frank C. Brucculeri
Bradley M. Rose
Frank C. Brucculeri
André M. Picciurro
Daniel F. Berberich
Attorneys for Plaintiff
HASTAY MARINE LTD