UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HASTAY MARINE LTD,<br><br>    Plaintiff,<br><br>    v.<br><br>HANJIN SHIPPING CO., LTD.,<br><br>    Defendant. | No. CV 16-6541-TJH (PLA)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR (1) ISSUANCE OF PROCESS FOR MARITIME ATTACHMENT AND GARNISHMENT PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE B; AND (2) RIGHT TO ATTACH ORDER AND PRE-JUDGMENT WRIT OF ATTACHMENT** |

**I.**

**INTRODUCTION**

Plaintiff Hastay Marine Ltd ("Hastay" or "plaintiff") filed a Complaint in this admiralty action on August 31, 2016, alleging breach of contract, application for attachment under Supplemental Admiralty Rule B, and application for writ of pre-judgment attachment and garnishment, against defendant Hanjin Shipping Co., Ltd. ("Hanjin" or "defendant") pursuant to California Code of Civil Procedure section 485.210(a). (Compl. ¶¶ 1, 26). On the same date, plaintiff filed an "Ex Parte Application for: (1) Issuance of Process for Maritime Attachment and Garnishment Pursuant to Supplemental Admiralty Rule B; and (2) Right to Attach Order and Pre-Judgment Writ of Attachment" ("Application" or "App."), along with a supporting Memorandum ("Memorandum" or

"Mem."), several declarations, and other related documents. (Dkt. Nos. 5-9, 10-13). Plaintiff seeks various orders, including issuance of process for maritime attachment and garnishment pursuant to Supplemental Admiralty Rule B, and a "right to attach order and pre-judgment writ of attachment ex parte against the assets, accounts, freights, monies, charter hire, credits, effects, bunkers, payment for bunkers, goods or services, bills of lading, cargo and the like" against defendant. (App. at 1; Mem. at 2). Plaintiff contends that Hanjin, as the time-charterer of the container ship Hanjin New Jersey ("the Vessel"), is delinquent in the amount of $1,380,375 for charter hire and related expenses owed by Hanjin. (Compl. at 2-4; App. at 1; Mem. at 2).

The Court has considered all documents filed in support of the ex parte Application, and rules as follows:

## II.

## ENTITLEMENT TO RELIEF

**A.   EX PARTE WRIT OF ATTACHMENT**

**1.   Legal Requirements**

Rule 64 of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. . . .

In order to obtain an ex parte writ of attachment under California law, the party seeking the attachment has the burden of proving:

(1)   The claim upon which the attachment is based is one upon which an attachment may be issued.

(2)   The plaintiff has established the probable validity of the claim upon which the attachment is based.

(3)   The attachment is not sought for a purpose other than the recovery upon the claim upon which the attachment is based.

(4)   The affidavit accompanying the application shows that the property sought to be attached, or the portion thereof to be specified in the writ, is not exempt from attachment.

  (5) The plaintiff will suffer great or irreparable injury (within the meaning of Section 485.010) if issuance of the order is delayed until the matter can be heard on notice.

  (6) The amount to be secured by the attachment is greater than zero.

Cal. Civ. Proc. Code § 485.220(a).

  **2. Plaintiff Has Not Demonstrated Irreparable Harm If Issuance of the Order Is Delayed until the Matter Can Be Heard on Notice**

  The California Code of Civil Procedure provides that with respect to a right to attach order or writ of attachment, the element that "great or irreparable injury would result to the plaintiff if issuance of the order is delayed until the matter could be heard on notice" is satisfied if, among other things, the plaintiff shows that:

> Under the circumstances of the case, it may be inferred that *there is a danger* that the property sought to be attached would be concealed, substantially impaired in value, or otherwise made unavailable to levy if issuance of the order were delayed until the matter could be heard on notice.

Cal. Civ. Proc. Code § 485.010(b)(1) (emphasis added); see Connecticut v. Doehr, 501 U.S. 1, 16, 111 S. Ct. 2105, 115 L. Ed. 2d 1 (1991) (holding prejudgment seizure without notice permissible only upon showing of exigent circumstances).

  Here, even assuming plaintiff has satisfied its burden of showing that the other elements of section 485.220(a) are satisfied, the Court finds that plaintiff has not demonstrated "great or irreparable injury" if issuance of an order is delayed until a noticed hearing on plaintiff's Application. Plaintiff generally contends that the writ should issue on an ex parte basis because "the time it would take for a properly noticed motion, could likely result in movement of assets out of this jurisdiction, intentionally or otherwise." (Mem. at 7). It also contends that because Hanjin "is a maritime enterprise in the business of shipping cargoes on vessels worldwide," by definition "they are peripatetic, and if the remedy that will require them to provide security is not granted, Plaintiff will be put in a position of being required to scour the globe to find assets against which to enforce the anticipated judgment." (Mem. at 11; Declaration of Adam Nicholas Emilianou ("Emilianou Decl.") ¶ 15). Hastay goes on to state the following:

> Because it is in the nature of Defendant's business to move ships and cargo from port to port to load and discharge and transport, it is by no means certain that the asset [sic] or other vessel of HANJIN will be back in the jurisdiction for the judgment to be enforced.
>
> This is not to say that there is a sinister motive on the part of the Defendant to evade payment of the eventual judgment, which actuates the movement of the assets out of the jurisdiction. It is simply the nature of Defendant's business to operate mobile assets, and if the matter was to be heard on notice, by the time the hearing is scheduled, the Defendant's property is likely to sail out of the jurisdiction, and with it Plaintiff's chance to obtain security for its claim.

(Mem. at 11-12; Emilianou Decl. ¶ 15).

None of plaintiff's assertions constitutes specific evidence that this particular defendant is likely to hide or dissipate the assets sought to be attached by plaintiff through a writ of attachment before the matter can be heard. Plaintiff's speculation that defendant will not be found at a later date to enforce any judgment, based primarily on the nature of the shipping business, is insufficient to justify dispensing with notice. See Osborno v. Fong, 2011 WL 250364, at *2 (N.D. Cal. Jan. 26, 2011 (denying temporary restraining order based on "Plaintiff's conclusory and unsupported allegation that notice of the instant . . . application will result in the further dissipation of trust assets"); Vacarro v. Sparks, 2011 WL 772394, at *2 (C.D. Cal. Feb. 1, 2011) ("The fact that Defendants may have been engaged in some sort of fraud does not automatically justify the issuance of an asset freeze."). Here, since June 22, 2016, the parties have been communicating with each other about Hanjin's alleged breach. (Emilianou Decl. ¶¶ 4-9; Declaration of Koh See Bin ("Bin Decl.") Exs. 3, 4). On July 29, 2016, plaintiff provided Hanjin with notice of its intention to take "whatever steps may be necessary to protect" plaintiff's interest, including "arresting/ attaching/seizing assets belonging to Hanjin in whichever jurisdictions these assets may be found . . . without any further reference or notice to Hanjin." (Emilianou Decl. Ex. 6). Similar notices had been previously sent on June 29, 2016, and July 16, 2016. (Bin Decl. Exs. 3, 4). Moreover, on July 29, 2016, Hanjin made a payment of $322,000. (Emilianou Decl. ¶ 9). In short, the Court finds nothing that points to any indication that Hanjin will hide or dissipate its assets prior to a noticed hearing, and plaintiff has not made a sufficient showing that "irreparable injury would result to [] plaintiff if issuance of the order is delayed until the matter could be heard . . . ." See Cal. Civ.

4

Proc. Code § 485.010(b)(1); see also Goldie's Bookstore, Inc. v. Super. Ct. of Cal., 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury.").

**B.    SUPPLEMENTAL ADMIRALTY RULE B**

Rule B of the Supplemental Rules of Admiralty and Maritime Claims ("Rule B") governs the procedure by which a party may attach another party's assets. That rule provides as follows:

> (a) If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property -- up to the amount sued for -- in the hands of garnishees named in the process.
>
> (b) The plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district. The court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment. The clerk may issue supplemental process enforcing the court's order upon application without further court order.
>
> (c) If the plaintiff or the plaintiff's attorney certifies that exigent circumstances make court review impracticable, the clerk must issue the summons and process of attachment and garnishment.

Rule B.

Here, plaintiff has filed a verified Complaint. (Dkt. No. 1). However, although the Memorandum references a Declaration of André M. Picciurro ("Picciurro Decl."), plaintiff's counsel, as purportedly attesting "to the defendant not being found within this District, at a minimum, for purposes of service of process," the Court has been unable to locate that declaration on its docket, and no such declaration was delivered to chambers with the courtesy copy of the Application. Plaintiff notes that a test to determine whether the defendant is "not found within the district," has been developed by the Second Circuit, and looks first to "whether [d]efendant[] can be found within the district in terms of jurisdiction, and second, if so, whether [it] can be found for service of process." (Mem. at 7 (citing STX Panocean (UK) Co. v. Glory Wealth Shipping Pte Ltd., 560 F.3d 127, 131 (2d Cir. 2009 (per curiam) (citation omitted)); see also Oregon v. Tug Go Getter, 398 F.2d 873 (9th Cir. 1998) (acknowledging the two-pronged inquiry used by other jurisdictions and utilizing that inquiry). Plaintiff provides no information as to either of the two prongs. Moreover,

the only "exigent circumstances" described by plaintiff are those already discussed above with respect to the Application for writ of attachment, which the Court found were not supported by any evidence that Hanjin was likely to hide or dissipate assets, and were speculative at best.

Plaintiff has not demonstrated that ex parte relief is warranted in this action.

### III.

### ORDER

IT IS ORDERED that plaintiff's ex parte Application is **denied without prejudice**.

IT IS FURTHER ORDERED that **a hearing on plaintiff's Application will take place on Wednesday, September 28, 2016**, in the courtroom of Magistrate Judge Paul L. Abrams, 312 N. Spring Street, Ninth Floor, Courtroom G, Los Angeles, California, at 9:00 a.m.  If defendant opposes plaintiff's Application, an opposition must be filed **no later than September 16, 2016**. Failure to file an opposition will be construed as consent to the attachment order being entered. Plaintiff's reply, if any, must be filed **no later than September 23, 2016**.  Filed copies of the opposition and reply shall be delivered to the Magistrate Judge's chambers.

**No later than September 9, 2016**, plaintiff must submit to this Court proof that the Application and all related documents, have been **served on and received by** Hanjin, or its registered agent for service, if any.

DATED: September 1, 2016

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE