**KAYE, ROSE & PARTNERS, LLP**
Bradley M. Rose, Esq. (126281)
Frank C. Brucculeri, Esq. (137199)
André M. Picciurro, Esq. (239132)
Daniel F. Berberich, Esq. (215946)
9100 Wilshire Blvd. Suite 420W
Beverly Hills, California 90212
Telephone: (310) 551-6555
Facsimile: (310) 277-1220
brose@kayerose.com
fbrucculeri@kayerose.com
apicciurro@kayerose.com
dberberich@kayerose.com

Attorneys for Plaintiff
HASTAY MARINE LTD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASTAY MARINE LTD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HANJIN SHIPPING CO., LTD.,<br><br>　　　　Defendant. | Case No.: 2:16-cv-06541-TJH-PLAx<br><br>**IN ADMIRALTY**<br><br>*EX PARTE* **APPLICATION FOR RECONSIDERATION OF ORDER [DKT # 18] DENYING** *EX PARTE* **APPLICATION FOR (1) ISSUANCE OF PROCESS FOR MARITIME ATTACHMENT AND GARNISHMENT PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE B; AND (2) RIGHT TO ATTACH ORDER AND PRE-JUDGMENT WRIT OF ATTACHMENT**<br><br>**[Local Rule 7-18]** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Plaintiff HASTAY MARINE LTD ("HASTAY") hereby files its *Ex Parte* Application for Reconsideration of this Court's September 1, 2016 Order [Dkt. #18] denying its *Ex Parte* Application for: (1) Issuance of Process for Maritime Attachment and Garnishment pursuant to Supplemental Admiralty Rule B; and (2) Right to Attach Order and Pre-judgment Writ of Attachment [Dkt # 5].

Pursuant to Local Rule 7-18, this Ex Parte Application for Reconsideration is based on the emergence of new facts and the existence of key material facts that were presented but not considered in connection with the original Application. This Application is made on the following very specific grounds that:

(a) Defendant HANJIN SHIPPING CO., LTD.'s (hereinafter "HANJIN") has now filed for rehabilitation in Korea signaling that the window within which HASTAY might freely attach HANJIN's receivables in the hands of third party garnishees will be closing very soon (when HANJIN files its Chapter 15 Petition for Bankruptcy in the U.S.);

(b) Subsequent to HASTAY's filing of its *Ex Parte* Application, another vessel owner (and likely others) has filed an action in this Judicial District seeking to attach many of the same assets (receivables in the hands of third parties) as HASTAY, evidencing a predictable race to seize or collect debtor assets following defendant HANJIN's filing for rehabilitation in Korea, and before an automatic stay can issue when HANJIN petitions the U.S. bankruptcy court under Chapter 15 for recognition of its foreign bankruptcy petition; and

(c) this Court's Order denying HASTAY's *Ex Parte* Application failed to consider the receivables HASTAY seeks to attach are in the hands of third party garnishees where they may be readily seized by other creditors seeking to obtain a advantage in the bankruptcy proceedings and/or are subject to being paid directly to HANJIN in the ordinary course of business causing the funds to flee this jurisdiction unless attached.

I. **STATEMENT OF PERTINENT FACTS AND RELIEF REQUESTED**

On August 31, 2016, HASTAY filed its Complaint [Dkt. #1] and *Ex Parte*

2

*EX PARTE* APPLICATION FOR RECONSIDERATION

Application for: (1) Issuance of Process for Maritime Attachment and Garnishment pursuant to Supplemental Admiralty Rule B; and (2) Right to Attach Order and Pre-judgment Writ of Attachment [Dkt # 5]. On September 1, 2016, the Court issued an Order [Dkt. #18] denying HASTAY's *Ex Parte* Application[1] on the grounds that "the Court finds nothing that points to any indication that HANJIN will hide or dissipate its assets prior to a noticed hearing, and plaintiff has not made a sufficient showing that 'irreparable harm would result to [] plaintiff if issuance of the order is delayed until the matter could be heard." [Dkt. #18 at 4:24-27]. The Court further ordered that a hearing on HASTAY's Application will take place on September 28, 2016. *Id.*

Subsequent to filing this action, HASTAY learned that in the wake of HANJIN's bankruptcy filing in Korea on August 31, 2016, another creditor of HANJIN filed a separate action against HANJIN— *Montemp Marine Ltd v. Hanjin Shipping Co., Ltd.*, United States District Court for the Central District of California, Case No. 2:16-cv-06585-ODW-AGR, which is currently pending before the Honorable Otis D. Wright II of the above-captioned Court. HASTAY immediately filed a Notice of Related Case [Dkt. #20]. A copy of the Notice of Related Case and the Complaint in the *Montemp Marine Ltd* action is attached as Exhibit "A" to the Declaration of Daniel Berberich filed concurrently herewith). Montemp Marine Ltd., a vessel owner, alleges it is presently owed over US$1.6M by HANJIN in unpaid charter hire and similarly seeks attachment under Rule B of assets held by garnishees within this jurisdiction, many of which are the same garnishees identified in HASTAY's application papers (*i.e.*, APEX Maritime Co. LAX Inc., ARES International Logistics Inc., ATC Logistics, Inc.,

---

[1] At the time the Court issued its Order [Dkt. #18] denying HASTAY's *Ex Parte* Application, the Court noted that HASTAY had not filed the Declaration of André M. Picciurro, although references to said Declaration were included in HASTAY'S moving papers. HASTAY has now corrected that inadvertent error by filing the Declaration of André M. Picciurro [Dkt. #19].

Kaye, Rose & Partners LLP

BNX Shipping, Inc., Bollore Logistics USA, CTC Logistic L.A. Inc., Felix Logistics, Inc., Headwin Global Logistics USA Inc., Innerpoint Corp, Kesco Logistics Inc., OEC Logistics, Inc., Shipco Transport Inc., Vanguard Logistics Services USA, Inc., and YuexinGlobal Logistics USA Co. Ltd.).

## II.  LEGAL DISCUSSION

### A.  Local Rule 7-18

Local Rule 7-18 provides for reconsideration of motions based on emergence of new facts following the decision and where material facts were presented but not considered prior to the decision.  It states:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

### B.  The Related Case of *Montemp Marine Ltd* Shows There Is a Predicable "Race" for Hanjin Shipping Co., Ltd.'s Assets and that Absent an Immediate Attachment of the Receivables in the Hands of Third Party Garnishees, HASTAY Will Suffer Irreparable Harm as HANJIN Assets Are Attached or Seized by Other Creditors Seeking An Advantage in the Upcoming Bankruptcy Proceedings

As noted above, Local Rule 7-18 provides for reconsideration of motions

based on the emergence of new material facts or a change of law occurring after the time of such decision. Here, after HASTAY filed its action, a second action was filed later that day against HANJIN by Montemp Marine Ltd. As shown by the *Montemp Marine Ltd* case, another vessel owner has now sought to attach many of the same assets as HASTAY, evidencing the very predictable "race" for HANJIN's assets that are in the hands of third parties following HANJIN's filing for rehabilitation in Korea and prior to its petitioning for U.S. recognition of the foreign bankruptcy proceeding in the U.S. under Chapter 15 which may occur prior to September 28, 2016 (when this matter has been set for hearing upon notice). Immediately upon learning of this second case, HASTAY filed a Notice of Related Case [Dkt. #19]. As noted in the article entitled "Worldwide Fallout from Hanjin Collapse," which is attached as Exhibit "A" to the concurrently filed Request for Judicial Notice, HANJIN will be the largest container line bankruptcy in history considering that HANJIN operates 98 container ships totaling 600,000 TEU, 11 port terminals and 74 sea routes, in addition to bulker operations. Various port authorities across the country have announced that HANJIN's container terminals will no longer accept any more HANJIN cargo. *Id.* Other port authorities and terminals have blocked HANJIN ships over concerns that it cannot pay port and stevedoring costs. *Id.* In addition, many of HANJIN's vessels have already been arrested after arrival at port. *Id.* There is no doubt that HANJIN's rehabilitation filing in Korea bankruptcy will have far reaching effects, and numerous creditors are sure to race to attach the assets of HANJIN.

  The *Montemp Marine Ltd.* case and the facts discussed in the article entitled "Worldwide Fallout from Hanjin Collapse" at the very least demonstrate the frantic scramble that is occurring for HANJIN's assets. In addition to the known Central District lawsuit referenced above, numerous parties are undoubtedly in the process of filing lawsuits to attach HANJIN assets or

5

*EX PARTE* APPLICATION FOR RECONSIDERATION

receivables and/or exercising self help and other remedies until HANJIN files a Chapter 15 proceeding in the U.S. to seek recognition of the foreign rehabilitation action in Korea.  Any delay in attaching the assets of HANJIN which are being held by third parties will unquestionably cause irreparable harm to HASTAY because HANJIN's assets will be depleted, and also prejudice HASTAY'S standing in the impending Chapter 15 bankruptcy proceedings. Moreover, other judges in subsequently filed actions may grant *ex parte* applications seeking attachment, thus depriving HASTAY of those funds despite HASTAY's diligence in filing its action first.  In addition, HANJIN will likely file a Chapter 15 proceeding in the U.S. to recognize the Korean rehabilitation action well before the September 28 hearing date scheduled by this Court at which point HASTAY may be precluded from attaching any assets of HANJIN. Such actions would prejudice HASTAY by depriving it of the ability to attach funds to satisfy its anticipated judgment. Accordingly, the Court should issue an Order granting HASTAY's *Ex Parte* Application for attachment.  Critically, in support of the requested relief, HASTAY also notes that it has already communicated with HANJIN's local counsel who has indicated he is authorized to accept service of process and is on notice of these proceedings.  See, Declaration of Dan Berberich, ¶ 3.

  **C. The Court's Order Denying HASTAY's *Ex Parte* Application Failed to Consider the Fact that Receivables in the Hands of Third Party Garnishees Are Subject to Immediate Attachment by Other HANJIN Creditors and those Third Party Garnishees are Likely to Pay HANJIN Money owed in Ordinary Course of Business before the Scheduled Hearing Date Causing the Funds to Flee This Jurisdiction Unless Attached**

  As noted above, Local Rule 7-18 provides for reconsideration of motions based on a manifest showing of a failure to consider material facts presented to

Kaye, Rose & Partners LLP

1  the Court before such decision.  In denying HASTAY's *Ex Parte* Application,
2  the Court indicated that it "finds nothing that points to any indication that
3  HANJIN will hide or dissipate its assets prior to a noticed hearing, and plaintiff
4  has not made a sufficient showing that 'irreparable harm would result to []
5  plaintiff if issuance of the order is delayed until the matter could be heard."
6  [Dkt. #18 at 4:24-27].  By such statement, it is clear that the Court was focused
7  on HANJIN's efforts to move assets outside of the jurisdiction.  However,
8  HASTAY is not looking for assets in the hands of HANJIN.  Rather, HASTAY
9  seeks to attach the assets of HANJIN that are in the hands of HANJIN's third
10 parties who owe money to HANJIN and will make no doubt make payments to
11 HANJIN in the ordinary course of business unless the funds are immediately
12 attached.  Moreover, in the light of HANJIN's Rehabilitation Petition in Korea,
13 these receivables are likely to be seized or attached by other creditors in advance
14 of the September 28 hearing date set by this Court.  In sum, because the funds
15 HASTAY seeks to attach are in the possession of third parties and not HANJIN,
16 they are subject to being sent out of the jurisdiction at any moment or seized by
17 other HANJIN creditors seeking to gain an advantage over HASTAY.  HASTAY
18 respectfully submits that on this basis it has made the proper showing that the
19 funds are likely to flee the jurisdiction unless immediately attached.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

7
*EX PARTE* APPLICATION FOR RECONSIDERATION

### III. CONCLUSION

Based on the foregoing, HASTAY respectfully requests that the Court reconsider and grant its *Ex Parte* Application for: (1) Issuance of Process for Maritime Attachment and Garnishment pursuant to Supplemental Admiralty Rule B; and (2) Right to Attach Order and Pre-judgment Writ of Attachment [Dkt # 5].

Dated: September 2, 2016      **KAYE, ROSE & PARTNERS, LLP**

By:  /s/ Frank C. Brucculeri
   Bradley M. Rose
   Frank C. Brucculeri
   André M. Picciurro
   Daniel Berberich
   Attorneys for Plaintiff
   HASTAY MARINE LTD.

8
*EX PARTE* APPLICATION FOR RECONSIDERATION